[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15059
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80034-KAM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MARKEITH BEVERLY,
a.k.a. Tony,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 30, 2018)

Before WILSON, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Antonio Beverly appeals the district court's denial of his second motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines.  After careful consideration of the parties' briefs and the record, we affirm.

In 2013, Beverly entered a guilty plea to conspiracy to possess with intent to distribute 280 grams of cocaine, and conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride.  He was sentenced to 228 months of imprisonment.  Beverly appealed, but we affirmed his convictions and total sentence.  *See United States v. Beverly*, 580 F. App'x 899 (11th Cir. 2014) (per curiam).

In 2014, Beverly filed his first § 3582(c)(2) motion.  He sought a sentence reduction under Amendment 782.  He succeeded, and the district court reduced his sentence to 216 months of imprisonment.  In 2017, Beverly filed his second § 3582(c)(2) motion—at issue in this appeal—and again cited to Amendment 782 as the basis for his motion.  The district court denied the motion, reasoning that the motion challenged the validity of both his original sentence and the court's previous order reducing his sentence under § 3582(c)(2), issues that he should have raised in a direct appeal.

Now appealing the district court's denial of his second § 3582(c)(2) motion, Beverly presents arguments that focus entirely on the district court's guideline

2

calculations at both his initial sentencing and resentencing.  He argues that the initial sentencing court erred in enhancing his offense level by two because he possessed a firearm, and that the district court, in granting his first § 3582(c)(2) motion, incorrectly concluded that his sentence should be reduced to 216 months of imprisonment.

We cannot consider either argument.  First, Beverly already appealed his convictions and total sentence, which we affirmed.  Second, Beverly failed to appeal the district court's rulings on his first § 3582(c)(2) motion.  He cannot bring those claims in this appeal.  *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560–61 (11th Cir. 1997).

Even construed liberally, Beverly's briefing does not present a challenge to the district court's denial of his second § 3582(c)(2) motion.  *See Marek v. Singletary*, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned.").  But even if Beverly had presented a challenge to the district court's denial, he could not have prevailed.  Beverly based his second motion on the same guideline amendment that he prevailed under in his first motion.  *See United States v. Caraballo-Martinez*, 866 F.3d 1233, 1240 (11th Cir. 2017) ("[I]f a defendant receives a sentence modification under § 3582(c)(2), subsequent reduction based on the same amendment to the Guidelines is not

available—the modified sentence is no longer based on the outdated Guidelines range.").

Accordingly, we affirm the district court's denial of Beverly's second § 3582(c)(2) motion.

**AFFIRMED**.